## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re* **B.B.**

**No. 24-709** (Wood County CC-54-2023-JA-232)


## MEMORANDUM DECISION


Petitioner Father N.B.[1] appeals the Circuit Court of Wood County's November 6, 2024, order terminating his parental rights to B.B., arguing that the circuit court erred in denying him a post-adjudicatory improvement period and terminating his parental rights.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

After the birth of B.B. in September 2023, the DHS filed an abuse and neglect petition alleging that the petitioner's parental rights to his three older children were involuntarily terminated in prior proceedings, that he remained in contact with two of the children despite being denied post-termination visitation, and that he failed to demonstrate any change in circumstances since his previous terminations. According to the DHS, the petitioner's parental rights to his oldest child, J.B., were terminated based upon his incarceration, while his parental rights to S.S. and S.B. were terminated based upon his substance abuse.

Subsequent to the filing of the petition, the petitioner was arrested and pled guilty to the felony offense of possession with intent to deliver fentanyl and methamphetamine. As a result, the petitioner was incarcerated for the majority of these proceedings. At the petitioner's adjudication in August of 2024, he stipulated that his parental rights to his three older children had been previously terminated and that he failed to demonstrate any change in circumstances since his prior terminations. The court then adjudicated the petitioner of neglecting B.B. The petitioner then filed a motion for a post-adjudicatory improvement period.

At the dispositional hearing, the DHS presented evidence of the petitioner's continued substance abuse, including the nature of his new felony offense and the petitioner's admission to abusing substances during a brief period of release from incarceration. The DHS also presented

---

[1] The petitioner appears by counsel Wells H. Dillon. The West Virginia Department of Human Services ("DHS") appears by counsel Attorney General John B. McCuskey and Assistant Attorney General Lee Niezgoda. Counsel SaraBeth Jett appears as the child's guardian ad litem ("guardian").

[2] We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

evidence of the petitioner's failure to participate in remedial services in the prior abuse and neglect proceedings that resulted in termination of his parental rights to three older children. Additionally, testimony showed that the petitioner agreed to participate in a long-term inpatient drug treatment program, but that this agreement was part of his plea agreement in a criminal proceeding in an attempt to be granted probation. The petitioner admitted that although parenting classes were offered at the facility in which he was incarcerated, he did not participate in those services and never sought treatment for his substance abuse disorder on his own accord. Based upon this evidence, the court found that the petitioner was unlikely to participate in an improvement period as he perpetually engaged in the same conduct that led to his prior terminations and current incarceration. Further, the court found that there was no reasonable likelihood that the petitioner could substantially correct the conditions of abuse and neglect in the near future and that termination of his parental rights was necessary for B.B.'s welfare. Therefore, the court denied the petitioner a post-adjudicatory improvement period and terminated his parental rights.[3] It is from this order that the petitioner now appeals.

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). First, the petitioner argues that the circuit court erred in denying him a post-adjudicatory improvement period. We disagree. Under West Virginia Code § 49-4-610(2)(B), a parent *may* be granted an improvement period if they "demonstrate[], by clear and convincing evidence, that [they are] likely to fully participate in the improvement period." Here, the DHS presented evidence which showed that the petitioner had a history of continuous substance abuse and failure to participate in services, highlighted by his three prior terminations. In fact, the petitioner admitted that, despite a history of past terminations for his substance abuse, he failed to take any steps to demonstrate he was now committed to achieving sobriety. Additionally, the petitioner pled guilty to new drug-related conduct and failed to participate in the services offered to him while incarcerated. Although the petitioner argues that he showed he was likely to participate in an improvement period because he agreed to participate in an inpatient drug treatment program, the record reflects that this agreement was merely formed to possibly obtain probation. Other than this agreement and the petitioner's testimony that he was willing to participate in services, the petitioner presented no further evidence to demonstrate he was likely to participate in an improvement period. Therefore, we conclude that the circuit court did not err in denying the petitioner a post-adjudicatory improvement period. *See In re Tonjia M.*, 212 W. Va. 443, 448, 573 S.E.2d 354, 359 (2002) ("The circuit court has the discretion to refuse to grant an improvement period when no improvement is likely.").

Finally, the petitioner argues that the circuit court committed error by terminating his parental rights. However, based upon the evidence detailed above, the court had ample evidence to find that there was no reasonable likelihood that the petitioner could substantially correct the conditions of abuse and neglect in the near future and that termination of his parental rights was necessary for B.B.'s welfare. According to West Virginia Code § 49-4-604(d), "'[n]o reasonable likelihood that conditions of neglect or abuse can be substantially corrected' means that . . . the abusing adult . . . [has] demonstrated an inadequate capacity to solve the problems of abuse or

---

[3] The mother's parental rights remain intact. Permanency for B.B. has been achieved as the child has been reunified with his mother.

2

neglect on [his] own or with help." Here, the evidence showed that the petitioner was unlikely to solve these problems because they persisted, unabated, across multiple proceedings. Additionally, the child's welfare required termination of the petitioner's parental rights because of his history of continuing contact with his older children to whom his rights had been terminated. In short, the lower court imposed this remedy in order to protect the child, given the petitioner's willful disregard of court orders. Further, the petitioner's argument that termination was unnecessary because the mother retained her parental rights is unavailing, as we have previously held that "simply because one parent has been found to be a fit and proper caretaker for [the] child does not automatically entitle the child's other parent to retain his/her parental rights if his/her conduct has endangered the child and such conditions of abuse and/or neglect are not expected to improve." *In re Emily*, 208 W. Va. 325, 344, 540 S.E.2d 542, 561 (2000). We have consistently held that circuit courts are permitted to terminate parental rights without the use of a less restrictive alternative upon these findings. *See* Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011) (permitting termination of rights "without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood . . . that conditions of neglect or abuse can be substantially corrected" (quoting Syl. Pt. 2, *In re R.J.M.*, 164 W. Va. 496, 266 S.E.2d 114 (1980))); W. Va. Code § 49-4-604(c)(6) (permitting termination of parental rights "[u]pon a finding that there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future and, when necessary for the welfare of the child"). Therefore, we conclude that the circuit court did not err in terminating the petitioner's parental rights.

For the foregoing reasons, we find no error in the decision of the circuit court, and its November 6, 2024, order is hereby affirmed.

Affirmed.

**ISSUED**: November 4, 2025

**CONCURRED IN BY**:

Justice C. Haley Bunn
Justice Charles S. Trump IV
Justice Thomas H. Ewing
Senior Status Justice John A. Hutchison

**NOT PARTICIPATING:**

Chief Justice William R. Wooton